966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronnie BUMPUS, Defendant-Appellant.
 No. 91-5894.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 1, 1992
Decided: June 12, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CR-91-148)
 William S. Winfrey, II, Princeton, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronnie Bumpus seeks review of the district court's decision denying his motion seeking leave for counsel to withdraw and to have new counsel appointed. We affirm.
 
 
 2
 Ronnie Bumpus pled guilty, pursuant to a plea agreement, to a one count federal information charging him with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (1988). Prior to the guilty plea, both Bumpus and his counsel moved for leave for counsel to withdraw and for the appointment of new counsel. They contended that the relationship between them had deteriorated to such an extent that counsel could no longer adequately represent Bumpus. The district court conducted a hearing at the conclusion of which, after hearing the evidence, Bumpus stated that he desired that counsel continue to represent him. The district court denied the motion to withdraw.
 
 
 3
 Bumpus subsequently pled guilty. At the plea hearing Bumpus again stated that he was satisfied with the representation he had received from his attorney. After sentence was imposed, however, Bumpus filed a pro se notice of appeal. New counsel is representing Bumpus on appeal and he argues that the district court abused its discretion in denying the motions to allow counsel to withdraw and to appoint new counsel.
 
 
 4
 A voluntary guilty plea forecloses any challenge to antecedent nonjurisdictional errors, except in certain limited situations. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Bumpus argues that the voluntariness of his plea was tainted by the district court's having denied counsel's motion to withdraw and thus forcing him to proceed with counsel in whom he lacked faith. Where a defendant is represented by counsel during the plea and enters the plea on the advice of counsel, the voluntariness of the plea depends on whether counsel was effective. Hill v. Lockhart, 474 U.S. 52, 56 (1985). In light of the fact that Bumpus has failed to allege that but for counsel's advice he would have pled not guilty and insisted on going to trial, see Fields v. Attorney General, 956 F.2d 1290, 1297 (4th Cir. 1992), and in light of the testimony at the plea colloquy, we find the plea to have been voluntary. Therefore, review of the district court's decision on the previous motions is unavailable. Even were we to review the district court's decision, we would not find it to be an abuse of discretion.
 
 
 5
 Accordingly, the decision below is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED